GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON SANTOME
Arizona State Bar No. 031263
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Addison.santome@usdoj.gov
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Richard Montijo,<br><br>　　　　　　　Defendant. | No. CR 22-00318-PHX-DGC<br><br>UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO PRESENTENCE REPORT<br><br>Sentencing Hearing: 8/16/2023 |

RICHARD MONTIJO ("Defendant") is before the Court for sentencing following his guilty plea to Count eighteen of the Indictment, Making a Material False Statement During the Purchase of a Firearm, Aid and Abet, a violation of 18 United States Code (U.S.C.), § 922(a)(6), 924(a)(2), and 2, a class C felony offense. The United States having reviewed its files and records in this case, the stipulations in the plea agreement (Doc. 242.), and the Final Presentence Investigation Report (Doc. 325.) urge this Court to sentence the Defendant to 6 months in the Bureau of Prisons, followed by three years of supervised release, as it sufficient and not greater than necessary to meet the goals of sentencing.

## PRESENTENCE REPORT

The government, having reviewed the Final Pretrial Investigation Report (PSR)(Doc. 325.) prepared by Senior U.S. Probation Officer Angela Daniel Leonard,

concurs with the recommendation, guideline calculation, and recitation of the offense conduct.

## SENTENCING RECOMMENDATION

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The nature and circumstances of these offenses—Material False Statement During the Purchase of a Firearm—are serious. 18 U.S.C. § 3553(a)(1). The purpose of this statue is to prevent firearms from ending up in the hands of those who seek to use or possess them illegally. The firearms purchased by the Defendant were ultimately destined for Mexico. The trafficking of United States purchased firearms to Mexico is currently an epidemic that is fueling cartel and organized crime violence. Although these firearms were interdicted prior to being transported, this organization of traffickers have at least fourteen firearms recovered in Mexico to date.

The history and characteristics of this Defendant counsel in favor of a custodial sentence. U.S.C. § 3553(a)(1). The Defendant's criminal history score underestimates this Defendant's actual criminal activity and conduct. Defendant has been stopped on at least three separate occasions and caught transporting unlawful aliens in California. During

those contacts, the Defendant admitted to his participation in the alien smuggling and to doing it 10 additional times. Of note, the Defendant admits to being involved in alien smuggling due to Jesus Guerrero, a co-defendant, in this case. Defendant engaged in multiple illegal enterprises with his co-defendants. Defendant's present charges represent a small action in a much larger operation in which he played every role they needed.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by the Defendant. 18 U.S.C. § 3553(a)(2)(B). Almost every defendant in this case participated to obtain financial compensation. Defendant's sentence should force a rejection of that mentality. Presently, the Defendant is unemployed and has again been testing positive for controlled substances. His criminal conduct and failure to get are all risk factors which suggest he will engage in this activity again. A six-month term of incarceration will deter the Defendant, and others, from lying and buying.

Although Defendant is opposed to the idea, he may need substance abuse treatment. 18 U.S.C. § 3553(a)(2)(D). Upon initial placement on pretrial release, Defendant tested positive for Marijuana. Luckily, he was able to test negative until July 2023. He has admitted to the new Marijuana use but declines needing treatment. Should this drug activity persist, he would need intervention.

//

//

//

In close, the seriousness of these offenses, Defendant's criminal conduct, the need to deter the Defendant from committing these offenses in the future, and his potential treatment needs, support a custodial sentence. For this reason, the United States recommends the Court sentenced the Defendant to six months in the Bureau of Prison followed by three years of concurrent supervised release.

Respectfully submitted this 10th day of August, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Addison Santome*

ADDISON SANTOME
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Mark Health II
*Attorney for Defendant*


s/Addison Santome
U.S. Attorney's Office